NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN ROTHWELL, PETITIONER, v. PUBLIC SERVICE
TRANSPORTATION COMPANY, RESPONDENT.

For the petitioner, *Charles Becker.*

For the respondent, *Henry J. Sorenson.*

\*       \*       \*       \*       \*       \*       \*       \*

The petitioner was employed by the Public Service Transportation Company; that in the course of his duties on that particular day it became necessary for him to convey ten bus windows from one end of the bus to the other end; while the petitioner was doing this work he met with an accident which was described by himself in the following language: "I was putting ten bus windows from one end of the bus to the other and in putting them to the ground I felt something snap in my back."

\*       \*       \*       \*       \*       \*       \*       \*

The only matter at issue is whether or not there is any resulting permanent disability. The first doctor to attend the petitioner after the above outlined occurrence was Dr. Pascall, who saw him the first time on February 22d, 1928, at his home, at which time the petitioner showed signs of a muscle strain of the back in the lumbar sacro region. Dr. Pascall saw him two or three times that week, at the end of which time he advised the petitioner that he could again commence work. The doctor testified that from the history of the case, and his findings, he concluded that there was no sacro-iliac condition present. He also stated that the putting down of seventy pounds to the floor by this petitioner would not cause a sacro-iliac strain. On July 12th, 1927, the peti-

tioner was examined by Dr. Pascall, and this examination disclosed nothing which would demonstrate that the petitioner was suffering from a permanent disability as a result of the above described accident. The petitioner, to support his contention that there was permanent disability present, produced Dr. Silverstein, who testified that an examination revealed a spasm of the right lumbar muscles, painful right sacro-iliac joint, and limitation of motion of the right joint. Dr. Silverstein stated that the condition which he found present would entitle the petitioner to ten or twelve per cent. permanent disability. Dr. Silverstein further testified that it is more probable that the petitioner would be strained in lifting a weight of seventy pounds than in placing it down upon the floor.

Towards the latter part of April, 1928, the petitioner was examined by Dr. Shapiro, who found muscular spasms of the back, pain in the sacro-iliac region, and limitation of motion. These disabilities which he characterized as permanent were described by Dr. Shapiro as ten per cent. loss of physical function. Dr. Shapiro treated the petitioner on twelve occasions extending from the latter part of April, 1927, to the first day of January, 1928. Ten of these treatments were prior to August 1st, 1927, and two of them subsequent thereto.

The respondent in proof of its contention that the petitioner had suffered no permanent disability as a result of this accident produced Dr. Hicks, who testified that the petitioner was examined by him on December 1st, 1927, at which time there was no objective disability, and he could find nothing. At this time the petitioner complained of pain, and when asked to localize the pain he put his hand generally over the back region, and was unable to place his hand upon an exact spot. In answer to a hypothetical question as to whether an accident as described by the petitioner could cause a lesion of the sacro-iliac joint, the doctor answered in the negative, stating that a permanent lesion cannot be produced by voluntary lifting, nor by the voluntary releasing of a weight which is carried. Dr. Hicks stated that the petitioner is suffering from no functional disability from any lesion.

Dr. Washington, who examined the petitioner on March 19th, 1927, testified that the petitioner complained of pain in the right lumbar region, and in the sacro-iliac region, but outside of the complaints made by the petitioner there was nothing which would indicate a functional disability. Dr. Washington further testified that the voluntary conveying of the weight by this petitioner could not cause a sacro-iliac strain. On July 1st, 1927, the petitioner was again examined by Dr. Washington, at which time the petitioner still complained of pain. Dr. Washington was of the opinion that there was no functional disability which is of a permanent character.

After considering the testimony as produced by both the petitioner and respondent, I find that the petitioner did not sustain a lesion of the sacro-iliac joint, but the petitioner may have had a strain of the muscles of the back which invariably disappears readily.

\*  \*  \*  \*  \*  \*  \*  \*

HARRY J. GOAS,
*Deputy Commissioner.*